IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TYRONE GUINN,                  :
                               :
         Plaintiff,            :
                               :
    v.                         :   Civil Action No. 06-670-JJF
                               :
THOMAS CARROLL, PAUL HOWARD,   :
and LT. LARRY SAVAGE,          :
                               :
         Defendants.           :

Tyrone Guinn, Pro se Plaintiff.

## MEMORANDUM OPINION

March 22, 2007
Wilmington, Delaware

*Joseph J. Farnan Jr.*
Farnan, District Judge

Plaintiff Tyrone Guinn, ("Guinn"), an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4.)

For the reasons discussed below, the Court will dismiss the Complaint without prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

I. THE COMPLAINT

Plaintiff alleges that on May 10, 2006, his cell was searched and a pair of white Nike tennis shoes taken because a corrections officer claimed there was a razor blade inside the sole of the shoes. Plaintiff was given a disciplinary report and the shoes were taken as evidence. Plaintiff appeared for his disciplinary hearing on May 24, 2006, which was conducted by Defendant Lt. Larry Savage ("Savage").

Plaintiff alleges that Savage conducted the hearing without bringing any of the alleged evidence, yet still found Plaintiff guilty based upon the allegations contained in the officer's report. Plaintiff asked Savage what would happen to his property and was told that either it would be thrown away or taken for public use. Plaintiff alleges that the actions of Savage violated Department of Correction policy and procedures and his

-1-

right to due process.

Plaintiff filed an appeal on the basis of insufficient evidence. The appeal was reviewed by Anthony Rendina and Defendant Paul Howard ("Howard"), and they affirmed the decision of Savage on the basis that "the report support[s] the guilt." Plaintiff alleges that the finding should have been "the persented [sic] evidence support[s] the guilt." Plaintiff claims that the actions of Howard violated his right to due process.

Plaintiff names Warden Thomas Carroll ("Warden Carroll") as a Defendant alleging that if the warden has provided the staff with "proper ordinary training and skill by the DOC" the outcome of the disciplinary hearing would have been different.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The

Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).  An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Due Process

Plaintiff claims that he was not afforded his basic due process rights with respect to the disciplinary charges lodged against him.  He does not allege that he was denied a disciplinary hearing.  Rather, he alleges that Defendant Savage violated his right to due process when he conducted the disciplinary hearing without having "in front of him" the evidence taken from Plaintiff's cell, and "still found [him] guilty just per the alleged officer['s] report."  He alleges that

Howard violated his right to due process by affirming the findings of Savage, and he alleges that Warden Carroll is responsible for failing to provide the staff proper training.

While prisoners retain certain basic constitutional rights, including procedural due process protections, prison disciplinary hearings are not part of criminal prosecution, and an inmate's rights at such hearings may be curtailed by the demands and realities of the prison environment. Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974); Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991). The requirements of due process in prison disciplinary hearings are that an inmate is entitled to (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 563-71. Additionally, a right to appeal disciplinary convictions is not within the narrow set of due process rights delineated in Wolff. Garfield v. Davis, 566 F.Supp. 1069, 1074 (E.D. Pa. 1983); Greer v. DeRobertis, 568 F.Supp. 1370 (N.D. Ill. 1983).

The allegations in the Complaint establish that Plaintiff

was afforded his right to due process. Savage did not violate Plaintiff's right to due process by relying upon the report of the correctional officer who searched the cell, rather than the evidence taken from the cell. Also as noted above, the right to appeal is not a protection afforded under <u>Wolff</u>. Finally, the claim against Warden Carroll has no merit, inasmuch as Plaintiff has failed to state a cognizable due process claim.

Plaintiff's procedural due process allegations are not cognizable as § 1983 claims under the holding of <u>Wolff</u>. Accordingly, the court will dismiss the due process claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**B. Personal Property**

Plaintiff seeks compensation for the loss of his personal property. A prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available. <u>See</u> <u>Parratt v. Taylor</u>, 451 U.S. 527, 542 (1981), <u>overruled on other grounds by</u>, 474 U.S. 327 (1986); <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984). Plaintiff has available to him the option of filing a common law claim for conversion of property. Inasmuch as Delaware law provides an adequate remedy for Plaintiff, he cannot maintain a cause of action pursuant to §

1983. See Hudson, 468 U.S. at 535; Nicholson v. Carroll, 390 F. Supp. 2d 429, 435 (D. Del. 2005); Acierno v. Preit-Rubin, Inc., 199 F.R.D. 157 (D. Del. 2001) (other citations omitted). Accordingly, the Court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

V.   **CONCLUSION**

For the reasons discussed above, the Court will dismiss the Complaint without prejudice for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). An appropriate Order will be entered.